UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DAVID GONZÁLEZ MILIÁN,

Petitioner,

v.

GILBERTO PÉREZ, et al,

Respondents.

Civil No. 12-1082 (JAF)

**O R D E R**

On August 28, 2009, Petitioner David González-Milián petitioned this court for a writ of habeas corpus, under 28 U.S.C. § 2254, to release him from a sentence imposed pursuant to a Commonwealth court conviction. (Docket No. 3.) As per the very limited allegations in the Petition, Petitioner asserts that his conviction was obtained by the use of evidence gained pursuant to an illegal search and that his sentence exceeds the allowable maximum. Petitioner also claims he was denied the effective assistance of counsel.[1] (Id.)

In their official capacities, respondents, Gilberto Pérez and Guillermo Somoza-Colombani, move to dismiss. (Docket No. 11.)[2]

---

[1] Because Petitioner is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Petitioner is not insulated from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

[2] Respondents rightly present their motion under Federal Rule of Civil Procedure 12(b)(6) because a petitioner's failure to exhaust his Commonwealth remedies is an affirmative defense, not a jurisdictional challenge. See Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007). "[A]n affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." Banco Santander de P.R. v. López–Stubbe, 324 F.3d 12, 16

Civil No. 12-1082 (JAF)                                                                                                          -2-

Respondents argue that we should dismiss Petitioner's motion because of his failure to exhaust available remedies in the Commonwealth courts. (Docket No. 11.) The exhaustion requirement dictates that a federal writ of habeas corpus "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Derived from notions of comity, the exhaustion doctrine "serves to minimize friction between our federal and state system of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). As a prudential principle, exhaustion is not a jurisdictional prerequisite. Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007); cf. § 2254(b)(3) (permitting federal court to deny application on the merits despite petitioner's failure to exhaust).

Nevertheless, "federal courts have enforced the exhaustion requirement consistently and rigorously." Adelson v. Dipaola, 131 F.3d 259, 262 (1st Cir. 1997). A petitioner "may not advance his or her constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barrei v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The "petitioner bears a heavy burden to show that he . . . tendered each claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Adelson, 131 F.3d at 262 (internal quotation omitted). Puerto Rico has a two-tier system for post-conviction relief. Maldonado–Pagán v. Malavé, 2005 WL 1869993 at 376 (1st Cir. 2005).

---

(1st Cir. 2003); see Fed. R. Civ. P. 12(b)(6).

Civil No. 12-1082 (JAF) -3-

In order to exhaust his Commonwealth remedies, a petitioner must first file a Rule 192.1 motion requesting the trial court to vacate, set aside, or correct the judgment. 34 L.P.R.A. App. II, R. 192.1 (2004). An appeal may be taken from the denial of a Rule 192.1 motion to the Court of First Instance, and then by petition for a writ of certiorari to the Supreme Court of Puerto Rico. Id. If this avenue fails, the petitioner must file another petition under § 1741 of the Code of Criminal Procedure to request a writ of habeas corpus. 34 L.P.R.A. §§ 1741-1743 (2004).

With respect to the instant petition, Respondents contend that Petitioner never filed a Rule 192.1 motion nor did he ever seek a writ of habeas corpus from a Commonwealth judge. (Docket No. 11 at 2.) Indeed, in his initial motion, Petitioner indicates that he never directly appealed his conviction or sentence and has filed no petitions, applications or motions challenging his conviction or sentence in Commonwealth court. Rather, prior to filing this habeas corpus petition in federal court, Petitioner did file something resembling a petition directly with the Puerto Rico Supreme Court in which the Petitioner requested the Supreme Court "take jurisdiction of his cases because he understood that it was an illegal search, because no Court Order existed for such search." (Docket No. 3 at 6.) The Puerto Rico Supreme Court returned the filing as uncognizable. In his present motion before this court, Petitioner does not explain his reasons for failing to pursue any Commonwealth remedies. (Docket No. 3.) We find that Petitioner's admission is fatal to his petition for relief from this court, because he has filed no Rule 192.1 motions and his uncognizable filing with the Puerto Rico Supreme Court alone

Civil No. 12-1082 (JAF) -4-

could not satisfy the exhaustion requirement.  See Maldonado–Pagán, 2005 WL 1869993 at 376; Adelson, 131 F.3d at 262.

Accordingly, we hereby **GRANT** Respondents' motion to dismiss (Docket No. 11) and **DISMISS WITHOUT PREJUDICE** the present petition (Docket No. 3).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of November, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge